IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-01145-MSK-MJW

KENNETH KIRKLAND,

    Plaintiff,

v.

ST. VRAIN VALLEY RE 1J SCHOOL DISTRICT, a Colorado Public School District,
RICK SAMSON,
TAMMY PILKINGTON,
SANDI SEARLES,
KATHY HALL,
MIKE RADEMACHER,
LARRY SILVER, and
BRENDA EVERETT,

    Defendants.

## ORDER DIRECTING THE ENTRY OF JUDGMENT
## IN FAVOR OF THE DEFENDANTS

THIS MATTER comes before the Court on an Order to Show Cause Why Judgment Should not Enter in Favor of the Defendants **(#109)**, to which the Plaintiff and the Defendants responded **(#110, 111)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

In his Amended Complaint, the Plaintiff, Kenneth Kirkland, asserts four due process claims against the Defendants.[1]  Claims 1 and 2 are substantively and factually identical.  In these two claims, Mr. Kirkland alleges the deprivation of two protected property interests without due

---

[1] To the extent practicable, the Court refers to the parties by name.  Otherwise, the Court refers to the Defendants in collective form.

process: (1) his continued employment under an employment contract; and (2) the receipt of salary and insurance benefits under a resignation agreement. Claims 3 and 4 are also substantively and factually identical. In these two claims, Mr. Kirkland alleges that Defendant Samson made a false statement which stigmatized him in a way that adversely affects his future employability.

The only distinction between Claims 1 and 2, and between Claims 3 and 4, is the Defendants against whom they are asserted. Claims 1 and 3 are asserted against the School District, but Claims 2 and 4 are asserted only against Rick Samson, Tammy Pilkington, Sandi Searls, Kathy Hall, Mike Rademacher, Larry Silver, Brenda Everett and Randy Zila ("the Individual Defendants").

All Defendants moved for summary judgment on all claims. In December 2004, the Court issued an Order **(#86)** denying their motion. The Court concluded that Mr. Kirkland had established *prima facie* due process violations, and that the Individual Defendants were not entitled to qualified immunity.

The Individual Defendants appealed from the denial of qualified immunity. The Tenth Circuit reversed this Court's ruling on that issue, concluding that Mr. Kirkland did not demonstrate the violation of a constitutional right. *See Kirkland v. St. Vrain Valley School Dist. No. Re-1J,* 464 F.3d 1182 (10th Cir. 2006). The appellate court determined that: (1) Mr. Kirkland did not have a property interest in his resignation agreement; (2) Mr. Kirkland was not entitled to notice or an opportunity to respond before the School District suspended him without pay; (3) Mr. Kirkland was barred from claiming a denial of post-suspension process; (4) Mr. Kirkland was barred from claiming a denial of pre-termination process because he waived such process; and (5) Mr. Kirkland waived his right to a name-clearing hearing with regard to the

comments made by Mr. Samson. Consequently, the Tenth Circuit determined that the Individual Defendants were entitled to qualified immunity, then remanded the case "for further proceedings consistent with this opinion."

Because the Tenth Circuit determined that Mr. Kirkland did not demonstrate a violation of his due process rights, and because the claims against the School District are identical to those asserted against the Individual Defendants, this Court ordered the parties to show cause why this determination did not require the entry of judgment in favor of all Defendants against Mr. Kirkland.

Mr. Kirkland responds that the Tenth Circuit's opinion is limited to the issue of qualified immunity and only authorizes the entry of judgment against the Individual Defendants, because the School District was not a party to the interlocutory appeal. He also argues that his evidence supports a due process violation by the School District, and any factual findings made by the Tenth Circuit would have been outside the scope of its appellate jurisdiction and were therefore *ultra vires*.

In their consolidated response, the Defendants first contend that the Tenth Circuit's opinion requires the entry of judgment in favor of the Individual Defendants. They also state that the Tenth Circuit's conclusions effectively resolve Mr. Kirkland's claims against the School District because the claims are substantively identical and based upon the same facts. They thus contend that judgment should also enter in favor of the School District.

The Tenth Circuit has concluded that Mr. Kirkland's constitutional claims lack merit. In reaching this conclusion, it construed the evidence in the record in a light most favorable to Mr. Kirkland and then applied the governing law. Such opinion is now the law of the case. *See Roth*

*v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006); *see also Guidry v. Sheet Metal Workers Intern. Ass'n, Local No. 9,* 10 F.3d 700, 705 (10th Cir. 1993) ("The 'law of the case' doctrine requires every court to follow the decisions of courts that are higher in the judicial hierarchy."). Claims 1 and 3 against the School District are precisely the same as Claims 2 and 4 asserted against the Individual Defendants. Thus, to proceed consistently with the Tenth Circuit's opinion, this Court is compelled to enter judgment in favor of both the School District and the Individual Defendants.

**IT IS THEREFORE ORDERED** that, consistent with the Tenth Circuit's Opinion dated September 26, 2006 and Mandate **(#105)** issued January 4, 2007, judgment shall be entered in favor of the Defendants and against the Plaintiff. The Clerk of Court is directed to close this case.

Dated this 7th day of February, 2007

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge