IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-01145-MSK-MJW

KENNETH KIRKLAND,

    Plaintiff,

v.

ST. VRAIN VALLEY RE 1J SCHOOL DISTRICT, a Colorado Public School District,
RICK SAMSON,
TAMMY PILKINGTON,
SANDI SEARLES,
KATHY HALL,
MIKE RADEMACHER,
LARRY SILVER, and
BRENDA EVERETT,

    Defendants.

## ORDER DENYING MOTIONS TO AMEND JUDGMENT

THIS MATTER comes before the Court on the Plaintiff's motions **(#115, #118)** to amend the judgment to exclude an award of costs to the Defendants. The Defendants filed responses in opposition **(#116, #119),** and the Plaintiff replied **(#117)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff asserted civil rights claims against the Defendants pursuant to 42 U.S.C. § 1983. On February 7, 2007, the Court entered a judgment in favor of the Defendants and against the Plaintiff, and awarded the Defendants their costs upon the filing of a bill of costs.

The Plaintiff asks the Court to amend the judgment to exclude the award of costs. He concedes that an award of costs is within the Court's discretion, but contends that the Court

should decline to award the Defendants their costs because the Plaintiff's claims were colorable and involved public policy issues, he has limited financial means (particularly when compared with those of the Defendants), and the Defendants have requested a large sum[1] in costs.

The Defendants argue that both motions should be denied because the Plaintiff failed to confer with them pursuant to D.C.COLO.LCivR 7.1(A). They also contend that the motions should be denied because there is a presumption that they, as the prevailing parties, should be awarded their reasonable costs. They further note that although the Plaintiff suggests that he would be unable to pay an award of costs, he does not actually say so, nor has he provided any information about his present financial situation, including his net worth.

Pursuant to Fed. R. Civ. P. 54(d)(1), "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" An award of costs under this rule is presumptive. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000). Such presumption is not relaxed merely because the prevailing party was a defendant in a civil rights case. *Id.*

The Plaintiff has not rebutted the presumption that the Defendants, as prevailing parties, should be awarded costs. In exercise of its discretion, this Court declines to amend the judgment to exclude an award of costs.

---

[1] In their bill of costs, the Defendants sought $11,282.62 in costs. The Clerk of Court awarded them less than one-third of that amount, $3,680.10 **(#120)**.

**IT IS THEREFORE ORDERED** that the Plaintiff's motions **(#115, #118)** to amend the judgment are **DENIED**.

Dated this 16th day of March, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____
Marcia S. Krieger
United States District Judge